## YORK v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 9, 1924.)

No. 3979.

**1. Criminal law ⬀711—Limiting time of counsel, under the circumstances, held an abuse of discretion.**

Where a trial occupied parts of two days, the evidence was circumstantial, and the result depended largely on a question of veracity between defendant and a witness claiming to have been an accomplice, who had a known criminal record, limiting the argument of defendant's counsel to 20 minutes, over objection, *held* an abuse of discretion.

**2. Witnesses ⬀266—Court should permit full cross-examination without unnecessary interference.**

Whatever may be the opinion of a judge as to the credibility of a government witness, he should permit full cross-examination of the witness, without unnecessary interference.

**3. Criminal law ⬀783(1)—Instruction as to effect of testimony of other offenses held not erroneous.**

Where testimony of defendant's participation in other similar offenses, which he denied, was properly admitted on the question of intent, an instruction that, if the jury believed he committed such offenses, they might take that into consideration in determining his veracity, *held* not erroneous.

**4. Criminal law ⬀200(1)—Transporting and concealing stolen automobile separate offenses.**

Under National Motor Vehicle Theft Act Oct. 29, 1919, §§ 3, 4 (Comp. St. Ann. Supp. 1923, §§ 10418d, 10418e), the transportation in interstate commerce of a motor vehicle, knowing the same to have been stolen, and the concealing of such vehicle moving in interstate commerce, knowing it to have been stolen, are separate offenses, and a conviction of one is not a bar to prosecution for the other.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Criminal prosecution by the United States against Bruce York. Judgment of conviction, and defendant brings error. Reversed and remanded.

D. B. Puryear, of Memphis, Tenn. (Yandell Haun, of Memphis, Tenn., on the brief), for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. Defendant, found guilty as charged, was sentenced to penitentiary imprisonment for three years and to pay a fine of $1,000, under an indictment alleging in the first count the felonious

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

transportation in interstate commerce, by defendant and one Boatman, of a stolen automobile, and in the second count the felonious concealment, with knowledge of such felonious transportation, and in each count with knowledge that it had been stolen.

Boatman, who on a plea of guilty had been sentenced to the penitentiary for one year, and who had a criminal record for similar offenses, was the principal government witness. Without his testimony there could have been no conviction. It is unnecessary to detail the facts. Suffice it to say that on a careful examination of the record we are not so clearly satisfied as to defendant's guilt that we may dismiss, as insufficient for reversal, errors urged on behalf of York.

[1] Though the time to be allowed counsel for argument is within the discretion of the court, and in Wagman v. U. S., 269 Fed. 568, we held that a limitation in that trial before the argument began to 15 minutes (the time actually used was 22 minutes and no request for extension was made) would not be deemed an abuse of such discretion, the limitation in the instant case to 20 minutes over the protest of counsel, both before the argument and at the end of exactly 20 minutes, and the refusal to extend the time to enable him fairly to cover the points he wished to urge, must, in the circumstances, be deemed such an abuse. The evidence was circumstantial. The result depended in largest measure upon the jury's determination as to veracity between defendant and Boatman. The trial had taken a part at least of each of two days. There were important differences of recollection between court and counsel as to certain testimony. The evidence covered 233 pages when transcribed. The trial judge, though free to express his own views, both as to the facts and as to the credibility of the several witnesses, in his charge to the jury, should be the more careful, before expressing views adverse to defendant's credibility, to give defendant's counsel sufficient time fully to argue in favor thereof, especially as against one claiming to be an accomplice.

[2] Furthermore, just because he believes the accomplice, the trial judge should restrain any tendency to become an active participant in the trial; without unnecessary interference he should permit each side fully to present its case. The complaint here made of frequent interruptions in the cross-examination of the confessed criminal, Boatman, and of unsought protection of Boatman, lest he further incriminate himself on matters deemed important to the defense, seems to be justified.

[3] Boatman's testimony of defendant's participation in other similar offenses was received without objection; indeed, objection would have been unavailable, as it was relevant to defendant's intent. Defendant denied the charges made. Therefore, if the jury believed them to be true, they would necessarily believe that defendant, in denying them, failed to tell the truth. So believing, they would be justified in discrediting other parts of his testimony. While specific acts of wrongdoing are not of themselves admissible to rebut evidence of good reputation, or to discredit defendant as a truthful witness, we cannot, in the circumstances of this case, deem the court's charge erroneous that, if the jury believed defendant guilty of these other offenses, they might take that into consideration in determining his credibility.

[4] Believing that for the errors noted justice requires that defendant be given a new trial, we note by way of caution our disagreement with court and counsel in their view that a verdict of guilty on one of the two counts is inconsistent with a similar verdict on the other. One may be guilty of interstate transportation of a stolen automobile, and also of selling, storing, or concealing it, knowing it to have been stolen and transported in interstate commerce.

Reversed and remanded.