## CHRYSLER v. ZERBST.
### No. 1345.

Circuit Court of Appeals, Tenth Circuit.

Feb. 22, 1936.

Allen Chrysler, pro se.

Summerfield S. Alexander, U. S. Atty., and D. C. Hill, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

An indictment containing two counts was returned in the District Court of the United States for the Eastern District of Michigan, charging Chrysler and others with violations of 18 U.S.C.A. § 408.

The first count charged that on October 18, 1930, Chrysler and others did unlawfully and knowingly transport in interstate commerce, a motor vehicle to-wit: a Buick coupé, motor number, 2619084, from Fort Wayne, Indiana, to Detroit, Michigan, which lately had been stolen from Henry Ranke; and that Chrysler and his codefendants at the time they so transported such motor vehicle, knew it had been stolen.

The second count charged that Chrysler and others, on October 18, 1930, at Detroit, Michigan, did unlawfully and knowingly receive and conceal a motor vehicle to-wit: a Buick coupé, motor number 2619084 which lately theretofore had been stolen from Henry Ranke at Fort Wayne, Indiana; and that such motor vehicle at the time it was so received and concealed was moving as, was a part of, and constituted interstate commerce; and that Chrysler and his codefendants at the time they so received and concealed such motor vehicle, knew it had been stolen.

Chrysler pleaded guilty to both counts of the indictment. He was sentenced to five years imprisonment on the first count and five years imprisonment on the second count, in the United States Penitentiary at Leavenworth, the sentence on the second count to commence at the expiration of the sentence on the first count.

After serving his sentence on the first count, Chrysler filed an application for a writ of habeas corpus, alleging that the

two counts of the indictment charged but a single offense and that the sentence on the second count was therefore void. The trial court sustained a motion to dismiss the application and Chrysler has appealed.

He relies upon the "same transaction" rule which was stated in Stevens v. McClaughry (C.C.A.8) 207 F. 18, 20, 51 L.R.A. (N.S.) 390, as follows:

"Two or more separate offenses which are committed at the same time and are parts of a single continuing criminal act, inspired by the same criminal intent which is essential to each offense, are susceptible to but one punishment."

See, also, other decisions supporting the rule cited in Stevens v. McClaughry, supra. Its doctrine, however, and the decisions supporting it were expressly rejected by the Supreme Court in Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, and is no longer followed in the Eighth Circuit. See Morris v. United States (C.C.A.8) 229 F. 516, 521; Morgan v. Sylvester (C.C.A. 8) 231 F. 886, 888; Massey v. United States (C.C.A.8) 281 F. 293, 296.

18 U.S.C.A. § 408, after defining "motor vehicle," and "interstate or foreign commerce" provides:

"Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both. Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

It will be noted that it first defines the offense of transporting in interstate or foreign commerce a stolen motor vehicle with knowledge that it has been stolen; and that it next defines a separate and distinct class of offenses, namely, receiving, concealing, storing, bartering, selling, or disposing of a stolen motor vehicle moving as, or which is a part of, or which constitutes interstate or foreign commerce, with knowledge that it has been stolen.

■ Where the same transaction constitutes a violation of two distinct statutory provisions, the test to be applied in determining whether there are two offenses, is whether each requires proof of a fact which the other does not. Schultz v. Zerbst (C.C.A.10) 73 F.(2d) 668, 669; Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L.Ed. 306; Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489; Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Curtis v. United States (C.C.A. 10) 67 F.(2d) 943, 947; Joe Yep v. United States (C.C.A.10) 81 F.(2d) 637, decided January 27, 1936.

In Morgan v. Devine, 237 U.S. 632, 640, 35 S.Ct. 712, 714, 59 L.Ed. 1153, the court said:

"But the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress."

In United States v. Hampden (D.C. Mich.) 294 F. 345, 347, the court said:

"It is now well settled in the courts of the United States that where Congress has prohibited each of several separate and distinct acts, although comprising a single transaction, the commission of each of such acts constitutes in law, and is punishable as, a separate and distinct offense, if each of such offenses involves an element not involved in the others."

■ Under the principles above stated, it is clear that each count of the indictment charged a separate and distinct offense. The offense charged in count one involved the element of transportation in interstate or foreign commerce, and receiving and concealing the motor vehicle was not an element thereof. The offense charged in count two involved the elements of receiving and concealing the motor vehicle and transportation thereof in interstate commerce by the defendants, was not an element of that offense.

See United States v. Hampden, supra, and York v. United States (C.C.A.6) 299 F. 778, where the identical question here presented, was ruled adversely to Chrysler's contention.

The judgment is affirmed.