838

## DOLL v. JOHNSTON, Warden.*[1]
### No. 8758.

Circuit Court of Appeals, Ninth Circuit.
April 2, 1938.

Edward Doll, in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

PER CURIAM.

Application for a writ of habeas corpus by Edward Doll against James A. Johnston, Warden United States Penitentiary, Alcatraz, California. From the order denying the application appellant appeals.

The facts upon which appellant based his petition for a writ of habeas corpus are as follows:

An indictment containing four counts was returned in the District Court of the United States, for the Southern District of Illinois, on April 30, 1930, charging the said Doll with violations of the National Motor Vehicle Theft Act, 18 U.S.

*Writ of certiorari denied 58 S.Ct. 1050, 82 L.Ed. ——.

C.A. § 408. The first count of the indictment charged appellant with willfully, knowingly, unlawfully, and feloniously transporting in interstate commerce a certain motor vehicle, to wit, Buick coupé automobile, from the State of Iowa into the State of Illinois, knowing the same to have been stolen.

The third count charged that Doll did willfully, knowingly, unlawfully, and feloniously, receive, conceal, and store a certain motor vehicle, to wit, Buick coupé automobile (being the same car described in count 1), said motor vehicle having theretofore been stolen in the State of Iowa.

Counts 2 and 4 of the indictment having been dismissed, appellant pleaded guilty to counts 1 and 3, and the court thereupon entered judgment against the appellant. The sentence imposed was five years on the first count of the indictment, and five years on the third count, sentence on the third count to run consecutively and at the expiration of the sentence imposed upon the first count.

Appellant was committed to the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas, on March 6, 1934, where he was confined until January 21, 1935, at which time he was transferred to the United States Penitentiary at Alcatraz, California, where he is now being held in custody.

In his petition appellant alleges that he has fully served the sentence imposed upon him under count 1 of the indictment taking into consideration deductions allowed him by law for good behavior. He petitions for a writ of habeas corpus upon the ground, as he alleges, that the two counts of the indictment charge but a single offense, that the sentence on the third count was therefore void, and having completed the term of sentence on the first count he is now entitled to be discharged. The District Court denied the application and Doll has appealed.

Appellant contends that where there was a single continuing criminal act inspired by the same criminal intent, he could be guilty of but one criminal offense and that separate offenses committed at the same time are susceptible of but a single punishment.

The facts in this case are similar in all respects to those of the case of Chrysler v. Zerbst, 10 Cir., 81 F.2d 975, 976. There the court said: "it is clear that

each count of the indictment charged a separate and distinct offense. The offense charged in count one involved the element of transportation in interstate or foreign commerce, and receiving and concealing the motor vehicle was not an element thereof. The offense charged in count two involved the elements of receiving and concealing the motor vehicle and transportation thereof in interstate commerce by the defendants, was not an element of that offense." And to the same effect is York v. United States, 6 Cir., 299 F. 778, 780, where the court said: "One may be guilty of interstate transportation of a stolen automobile, and also of selling, storing, or concealing it, knowing it to have been stolen and transported in interstate commerce."

Affirmed.