## JACKSON v. HUDSPETH, Warden.

### No. 1981.

Circuit Court of Appeals, Tenth Circuit.

April 12, 1940.

J. E. Alexander, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order dismissing petition for a writ of habeas corpus.

An indictment in two counts was returned against Weldon D. Jackson in the District Court of the United States for the Eastern District of Michigan, charging him with violations of 18 U.S.C.A. § 408. § 408 in part reads as follows: "* * * Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both. Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

The first count of the information charged that the defendant on or about the 2nd day of November, 1938, unlawfully, wilfully, feloniously and knowingly transported and caused to be transported in interstate commerce, a 1937 Chevrolet automobile from Kansas City, in the state of Missouri, to a point in Lenawee County, Michigan, knowing the same to have been stolen. Count two of the information charged that the defendant, on or about the 2nd day of November, 1938, did unlawfully, wilfully, feloniously and knowingly receive and conceal the stolen 1937 Chevrolet automobile, knowing the same to have been stolen.

At the time of trial petitioner was advised of his constitutional right to the assistance of counsel, and expressly waived it and entered a plea of guilty to both counts. On December 30, 1938, the court imposed a single sentence on both counts of seven years, which petitioner is now serving.

The one question presented for consideration is whether the two counts of the information charge the same crime, thereby making the sentence imposed excessive.

The test as to whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge. If not, then the fact that both charges relate to and grow out of the same transaction does not make a single offense where two distinct offenses are defined by the statute. Gavieres v. United States, 220 U. S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Poffenbarger v. United States, 8 Cir., 20 F.2d 42.

It will be noted that § 408 first defines the offense of transporting in interstate or foreign commerce a stolen motor vehicle, knowing it to have been stolen. It next defines the distinct and separate of-

fense of receiving, concealing, storing, bartering, selling or disposing of a stolen automobile, moving in or constituting a part of interstate commerce, with knowledge that it has been stolen. Clearly, evidence which would sustain a conviction for the first offense would fall short of proving the second offense.

The same question arising under the identical statute was considered by this court in Chrysler v. Zerbst, 10 Cir., 81 F. 2d 975. It was there held that the two parts of the statute state separate and distinct offenses. The same question arising under a construction of this statute was also considered in York v. United States, 6 Cir., 299 F. 778, and United States v. Hampden, D. C. Mich., 294 F. 345, where the same conclusion was reached as in the Chrysler case.

It having been decided that the two counts of the information state separate and distinct offenses, it follows that the single sentence of seven years is neither void nor excessive. The court should have imposed separate sentences on each count of the information. However, a single sentence imposed on the two counts is valid so long as it does not exceed the aggregate of the sentences that might have been imposed separately. Ex parte De Bara, Petitioner, 179 U.S. 316, 21 S.Ct. 110, 45 L.Ed. 207; Freeman v. United States, 2 Cir., 227 F. 732; Donaldson v. United States, 7 Cir., 82 F.2d 680; Jones v. Hill, 3 Cir., 71 F.2d 932; Ross v. Hudspeth, 10 Cir., 108 F.2d 628.

The judgment is affirmed.