The record presents no reversible error. The judgment is affirmed.

## RECORD v. HUDSPETH.

### No. 2418.

Circuit Court of Appeals, Tenth Circuit.

Feb. 20, 1942.

George B. Powers, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Oren Lester Record, seeks release from the federal penitentiary at Leavenworth, Kansas, by writ of habeas corpus. He has appealed from the decision of the United States District Court for the District of Kansas denying his application for the writ.

An indictment containing two counts was lodged against him in the United States District Court for the Eastern District of Missouri. The first count charged

that on or about August 17, 1937, he transported or caused to be transported in interstate commerce from Plattsmouth, Nebraska, to St. Louis, Missouri, knowing the same to have been stolen, a stolen automobile. The second count charged that on or about the same date he received and concealed such stolen automobile, then moving in interstate commerce, knowing at the time of such receipt and concealment that it had been stolen. He was found guilty on both counts and was sentenced to a term of five years on each count, with the provision that the sentences should run consecutively. It is his contention that the two counts charge but a single offense and that the two sentences combined exceed the maximum sentence that can be imposed under the statute. The pertinent portion of 18 U.S.C.A. § 408, the applicable statute, provides: "Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both. Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

▮ Two separate and distinct offenses are stated in the statute, first, the offense of transporting in interstate commerce a motor vehicle, knowing the same to have been stolen, and second, receiving, concealing, storing, bartering, selling or disposing of a motor vehicle moving in interstate commerce, knowing the same to have been stolen. We have held that one act may give rise to both offenses charged in the statute. Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Jackson v. Hudspeth, 10 Cir., 111 F.2d 128. The two counts of the indictment charge separate offenses defined in the statute. Appellant was tried and found guilty on each count. We find no error in the record.

.Affirmed.