**TILLER v. HUDSPETH, Warden, United States Penitentiary, Leavenworth, Kansas.**

No. 2574.

Circuit Court of Appeals, Tenth Circuit.

Oct. 27, 1942.

Elmer P. Cogburn, of Denver, Colo., for appellant.

George H. West, U. S. Atty., of Kansas City, Kan., and Lester Luther, Asst. U. S. Atty., of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

An indictment containing two counts was returned against Roy Tiller, the petitioner,

in the District Court of the United States for the Eastern District of Oklahoma. The first count charged that petitioner, on or about June 10, 1936, at his residence in Muskogee, Oklahoma, did have in his possession two and one-fourth gallons of whiskey in a granite-ware stewer, and one and one-half gallons of whiskey in a granite bucket, neither having affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing the payment of all internal-revenue taxes imposed on such spirits. The second count charged that petitioner, on or about June 10, 1936, in Muskogee County, Oklahoma, did conceal and aid in the concealment of distilled spirits, to-wit, three and three-fourths gallons of whiskey upon which the tax had not been paid and which whiskey had been removed from a distillery to a place other than a distillery warehouse provided by law, to-wit, the residence of petitioner in Muskogee, Oklahoma. Petitioner entered his plea of guilty to both counts of the indictment. He was sentenced to serve two years in the United States Penitentiary at Leavenworth, Kansas, on count two. Imposition of sentence on count one was suspended and petitioner was placed on probation for a period of five years from the date of the sentence. Petitioner served the two-year sentence, less time earned for good behavior, and was discharged on September 9, 1938. On July 27, 1939, after a hearing, the probation on count one was revoked and petitioner was sentenced to imprisonment for a period of five years in an institution of the penitentiary type. A motion for a correction of the sentence filed by petitioner was denied by the United States District Court for the Eastern District of Oklahoma. Thereafter, petitioner filed the application for a writ of habeas corpus.

The sole contention here made is that the offense charged in count one and the offense charged in count two are identical, and that petitioner, having served the sentence on count two, was not subject to sentence on count one on revocation of the probation. The charge in count one is predicated on 26 U.S.C.A. Int.Rev.Code, § 2803, which provides that no person shall possess any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity therein and evidencing payment of all internal-revenue taxes imposed on such spirits. The charge in count two is predicated on 26 U.S.CA. Int.Rev.Code, § 2913, which provides that whenever any person conceals or aids in the concealment of any nontax-paid spirits removed to a place other than an internal revenue bonded warehouse provided by law, he shall be fined not less than $200 nor more than $5,000, and imprisoned not less than three months nor more than three years.

Counsel for the petitioner urges that the offense charged in each count grows out of the same transaction and that the transaction occurred at the same time and place and involved the same whiskey and, therefore, a single offense was charged.

Where the same transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses, is whether each requires proof of a fact which the other does not.[1]

The first count charged simple possession of whiskey in unstamped containers. In order to support that count, it was only necessary to prove simple possession of distilled spirits in containers to which proper stamps had not been affixed. In order to support the second count, it was necessary to prove removal of nontax-paid spirits to a place other than a bonded warehouse and the concealment thereof. It is obvious that each count required proof of a fact which the other did not. In order to support the first count, it was necessary to prove that the requisite stamps were not affixed to the containers. In order to support the second count, it was necessary to prove removal of the distilled spirits and the concealment thereof. Clearly, petitioner might have been in simple possession of the spirits in unstamped containers at one time on June 10, 1936, and might thereafter have removed and concealed the spirits on the same day. The plea of guilty was a confession of every element of each offense well pleaded in the two counts of the indictment and the truth of the facts pleaded cannot be challenged in this, a collateral proceeding.

The judgment is affirmed

---

[1] Curtis v. United States, 10 Cir., 67 F. 2d 943, 947; Casebeer v. United States, 10 Cir., 87 F.2d 668, 669; Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 669.