**UNITED STATES v. RUNION.**

No. 9543.

District Court, E. D. Kentucky.

Nov. 30, 1942.

John T. Metcalf, U. S. Atty., of Lexington, Ky., and Claude P. Stephens, Asst. U. S. Atty., of Prestonsburg, Ky., for plaintiff.

George R. Smith, of Lexington, Ky., for defendant.

FORD, District Judge.

On May 14, 1935, the defendant Alex Runion was indicted in the United States District Court for the Eastern District of Kentucky for violation of the National Motor Vehicle Theft Act (41 Stat. 324, 18 U.S.C.A. § 408). The indictment contains four counts. The first count charges that on or about November 15, 1934, the defendant unlawfully and feloniously transported or caused to be transported in interstate commerce a certain motor vehicle with knowledge that it had been stolen; the second count charges that he received, stored and concealed the same automobile, well knowing that it had been stolen; the third count charges that on or about September 8th, 1934, the defendant unlawfully and feloniously transported or caused to be transported in interstate commerce another motor vehicle with knowledge that it had been stolen; and the fourth count charges that he received, stored and concealed the automobile referred to and described in the third count, well knowing that it had been stolen. All of the offenses are charged to have occurred in the Eastern District of Kentucky and within the jurisdiction of this court.

At the May 1935 term of this Court held at London, Ky., the defendant was duly arraigned and entered his plea of guilty to the indictment. On May 24th, 1935 sentence was imposed committing him to the custody of the Attorney General or his authorized representative for confinement in an institution of the penitentiary type for a term of five years on each count to be served consecutively in the order named in the indictment. The defendant was duly committed and is now held in custody in conformity with the sentence.

Relying upon the contention that the term of imprisonment aggregating twenty years for the offenses charged in the indictment is in excess of the penalty authorized by the statute under which the indictment is drawn (18 U.S.C.A. § 408), the defendant has filed a motion seeking to have the original sentence vacated and that he be re-sentenced in conformity with what he regards the limitations of the statute.

■ The parties concede the jurisdiction of the Court to entertain at any time an application for such relief. Holiday v. Johnson, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392; Buie v. United States, 5 Cir., 127 F.2d 367.

■ Although in the original motion the defendant challenged the power and authority of the court to impose consecutive or cumulative sentences even for separate and distinct offenses, the defendant's attorney in his brief states: "There is no doubt in our opinion but that this court has a perfect right to impose sentence on defendant which may run consecutively. We have found a long line of cases on this subject and are not attempting to raise that angle of the question at this time." The authority of the Court to impose cumulative sentences so that the imprisonment under one may commence at the termination of another seems to be clearly established. United States v. Daugherty, 269 U.S. 360, 46 S. Ct. 156, 70 L.Ed. 309; Howard v. United States, 6 Cir., 75 F. 986, 993, 34 L.R.A. 509; United States v. Remus, 6 Cir., 12 F.2d 239.

The sole contention now made by the defendant is that the National Motor Vehicle Theft Act describes but a single offense and that the act of transporting a stolen automobile in interstate commerce and concealing the same, when committed by the same person, does not under the statute constitute two offenses. Hence it is contended that the sentences imposed under the second and fourth counts of the indictment are unauthorized and void.

■ In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, the Supreme Court said: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

■ The question here presented was considered by the Circuit Court of Appeals of the Tenth Circuit in Record v. Hudspeth, 126 F.2d 215, 216. After quoting the provisions of the Statute (18 U.S.C.A. § 408), the Court said: "Two separate and distinct offenses are stated in the statute, first, the offense of transporting in interstate commerce a motor vehicle, knowing the same to have been stolen, and second, receiving, concealing, storing, bartering, selling or disposing of a motor vehicle moving in interstate commerce, knowing the same to have been stolen. We have held

596

that one act may give rise to both offenses charged in the statute. Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Jackson v. Hudspeth, 10 Cir., 111 F.2d 128. The two counts of the indictment charge separate offenses defined in the statute."

 On June 8, 1942, the Supreme Court denied certiorari in this case, leaving the Circuit Court's interpretation of the statute in full force and effect. 316 U.S. 703, 62 S.Ct. 1310, 86 L.Ed. 1771. Further controversy or dispute in respect to the interpretation of this statute is thus foreclosed and the right of the defendant to the relief sought herein is thereby precluded.

Let an order be entered denying defendant's motion.