## LINDSAY v. UNITED STATES.
### No. 2590.

Circuit Court of Appeals, Tenth Circuit.

March 16, 1943.

Writ of Certiorari Denied June 1, 1943.

See 63 S.Ct. 1316, 87 L.Ed ——.

Louis E. Gelt and Irving Zveitel, both of Denver, Colo., for appellant.

Whit Y. Mauzy, U. S. Atty., and Wm. Knight Powers, Asst. U. S. Atty., both of Tulsa, Okl., for the United States.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Lindsay was charged by an indictment containing two counts with violations of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. The first count charged that Lindsay and another transported in interstate commerce from Portales, New Mexico, to Tulsa, Oklahoma, a Ford automobile which had theretofore been stolen from L. S. Campbell, the owner thereof, with knowledge that such motor vehicle had been so stolen. The second count charged that Lindsay and another, in the city of Tulsa, Oklahoma, received, concealed, and stored such automobile which then was moving as, was a part of, and constituted interstate commerce, knowing the same to have been stolen. Lindsay entered a plea of guilty to count one of the indictment and a plea of not guilty to count two of the indictment. At the close of the evidence, Lindsay demurred thereto. The trial court overruled the demurrer. Thereupon, Lindsay withdrew his plea of not guilty to count two and entered a plea of guilty to that count. He was sentenced to a term of five years on count one and a term of five years on count two, the sentence on count two to run consecutively with the sentence imposed on count one.

Thereafter, Lindsay filed a motion to correct the judgment and vacate the sentence on the ground that count two did not charge an offense separate and distinct from the offense charged in count one.

Lindsay has appealed.

18 U.S.C.A. § 408, in part, provides: "* * * * Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more that $5,000, or by imprisonment of not more than five years, or both. Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which consitutes interstate or foreign commerce, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

It will be noted that it first defines the offense of transporting in interstate or foreign commerce a stolen motor vehicle with knowledge that it has been stolen, and that it next defines a separate and distinct class of offenses, namely, receiving, concealing, storing, bartering, selling, or disposing of a motor vehicle moving as, or which is a part of, or which consitutes interstate or foreign commerce, with knowledge that the vehicle has been stolen.

Congress may prohibit and make punishable as a separate and distinct offense each separate and distinct act or step of a single transaction which embraces an element which the others do not.[1]

Where the same transaction constitutes a violation of two distinct statutory provisions, the test to be applied in determining whether there are two offenses is whether each requires proof of a fact which the other does not.[2] The principle has been applied to § 408, supra.[3]

While the offenses charged in count two may have been directly related to the transportation of the automobile from Portales to Tulsa and a continuation of that transaction, each required proof of a fact

[1] Blockburger v. United States, 284 U. S. 299, 302–304, 52 S.Ct. 180, 76 L.Ed. 306; Burton v. United States, 202 U. S. 344, 377, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Morgan v. Devine, 237 U.S. 632, 640, 35 S.Ct. 712, 59 L.Ed. 1153; Gavieres v. United States, 220 U. S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489; Chrysler v. Zerbst, 10 Cir., 81 F.2d 975, 976; Curtis v. United States, 10 Cir., 67 F.2d 943, 947; Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 669; Casebeer v. United States, 10 Cir., 87 F.2d 668, 669; Tiller v. Hudspeth, 10 Cir., 131 F.2d 188, 189.

[2] See cases cited in Note 1.

[3] York v. United States, 6 Cir., 299 F. 778; Chrysler v. Zerbst, 10 Cir., 81 F. 2d 975, 976; United States v. Hampden, D.C.Mich., 294 F. 345, 347. See, also, Carpenter v. Hudspeth, 10 Cir., 112 F. 2d 126, 127.

not required to establish the charge in count one, namely, receiving, concealing, and storing the automobile. It follows that the offenses charged in count two were separate and distinct from the offense charged in count one.

We do not stop to consider the sufficiency of the evidence to establish the charge in count two. A plea of guilty admits all averments of fact and waives any defects in the form of the allegations.[4] It is a confession of guilt and amounts to a conviction.[5]

The contention that since Lindsay did not surrender possession of the automobile to any other person from the time he stole it in Portales until the time of his arrest in Tulsa, he could not be guilty of any of the offenses charged in count two, is not well founded. He was not in constant physical possession of the automobile. He could have concealed it; and by his plea of guilty he admitted that he did conceal it.

The judgment is affirmed.

[4] Weir v. United States, 7 Cir., 92 F. 2d 634, 635, 114 A.L.R. 481; Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 273, 141 A.L.R. 1318.

[5] Bugg v. Hudspeth, 10 Cir., 113 F.2d 260, 261; Norris v. Hudspeth, 10 Cir., 114 F.2d 1007, 1009; United States v. Norris, 281 U.S. 619, 623, 50 S.Ct. 424, 74 L.Ed. 1076; Fisher v. Schilder, 10 Cir., 131 F.2d 522, 524.