**BATSON v. SQUIER.**

No. 10831.

Circuit Court of Appeals, Ninth Circuit.

Dec. 14, 1944.

See, also, 138 F.2d 160.

Clarence L. Batson, in pro. per.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Guy A. B. Dovell, Asst. U. S. Atty., of Tacoma, Wash., for appellee.

Before GARRECHT, STEPHENS and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant appeals from the order of the lower court denying his application for a writ of habeas corpus against P. J. Squier, Warden, United States Penitentiary at Mc-Neil Island.

The appellant was indicted in the District Court for the Eastern District of Oklahoma on two counts in violation of the National Motor Vehicle Theft Act.[1]

Count One charged the appellant and one Cleat Collins with unlawfully receiving at Valiant, Oklahoma, a motor vehicle from persons unknown, which had been stolen at Port Arthur, Texas, and which automobile had been transported in interstate commerce from Port Arthur, Texas, to Valiant, Oklahoma, knowing the same to be stolen property.

Count Two charged appellant with unlawfully transporting a motor vehicle from Port Arthur, Texas, to Valiant, Oklahoma, knowing the same to have been stolen.

The appellant was found guilty on both counts by jury verdict and sentenced to five years' imprisonment on each count, such sentences to run consecutively.

In his application for habeas corpus, appellant alleges that he has fully served the sentence imposed on Count One and upon the ground that the two counts of the indictment charged but one offense, urges that he should now be discharged.

Appellant contends that both counts were made out of one single substantive offense, which involved but one overt act and only one intent.

This court in Doll v. Johnston, 9 Cir., 95 F.2d 838, held that this particular statute did state two distinct and separate offenses. In that case, the defendant had served the sentence on one count and was asking for a discharge on the same theory relied upon by the appellant. This court there held that both sentences must be served. Other cases holding that there are separate offenses and that separate sentences may be imposed are: York v. United States, 6

---

[1] 18 U.S.C.A. § 408.

Cir., 299 F. 778, 780; Jackson v. Hudspeth, 10 Cir., 111 F.2d 128, 129; Lindsay v. United States, 10 Cir., 134 F.2d 960, 962; Record v. Hudspeth, 10 Cir., 126 F.2d 215, 216.

■ Appellant not only claims that the statute does not prescribe two offenses, but he also claims that the evidence shows he committed but one crime—theft of a car. He was sentenced for both offenses. Inquiry may not be made in this proceeding to determine whether as a matter of fact only a single offense was committed or whether proof was offered to support both counts since on the face of the indictment it is not apparent that both of the offenses could not have been committed. Furthermore, this question must be raised by appeal.

Affirmed.