**UNITED STATES v. DYE.**
No. 20158.

District Court, W. D. Kentucky.
July 6, 1945.

David C. Walls, U. S. Dist. Atty., of Hardinsburg, Ky., for the United States.

Robert L. Dye, pro se.

MILLER, District Judge.

The defendant Robert L. Dye has filed a pleading captioned "Motion to Vacate Judgment in Case" in which he moves the Court to vacate the judgment rendered against him on October 18, 1939, at Louisville, Kentucky, on the ground that it is void, and to "resentence petitioner to time already served unlawfully in the United States Penitentiary at Leavenworth, Kansas, which in effect will authorize the immediate release of petitioner from further custody."

458

A Grand Jury for the Western District of Kentucky at a court held at Owensboro on November 28, 1938, returned an indictment against the defendant consisting of two counts, the first count charging unlawful transportation from Missouri to a point near Elizabethtown, Kentucky, of a stolen automobile with knowledge on the part of the defendant that it was a stolen car, and the second count charging the unlawful receiving, concealing and storing of the automobile in question which had been stolen and transported in interstate commerce, with knowledge on the part of the defendant of such facts. The statute involved is Section 408, 18 U.S.C.A. The case was transferred from the Owensboro docket to the Louisville docket, also in the Western District of Kentucky, and came on for trial at the October, 1939, term. At the request of the defendant the Court appointed counsel to represent him. He pleaded not guilty and was tried before a jury which returned a verdict of guilty on both counts. On October 18, 1939, he was sentenced to three years on each count to be served concurrently. The judgment also provided "the sentence imposed on this indictment shall be served after the defendant shall have completed the sentence he is now serving in the Iowa Penitentiary." The record shows that on December 9, 1943, he was delivered by the United States marshal for the Southern District of Iowa to the warden of the United States Penitentiary at Leavenworth, Kansas, where he is now in custody.

▆▆▆▆▆ Defendant's first contention is that count 1 and count 2 of the indictment charge one and the same act; that he has accordingly received a double sentence for one crime which renders the entire judgment void. This same contention has been rejected numerous times by other United States Courts and the question is now well settled against defendant's contention. The transportation in interstate commerce of a stolen automobile and the receiving and storing of a stolen automobile which has been transported in interstate commerce are two separate and distinct offenses, although they both may arise out of the same set of circumstances. York v. United States, 6 Cir., 299 F. 778; Doll v. Johnson, Warden, 9 Cir., 95 F.2d 838; Record v. Hudspeth, 10 Cir., 126 F.2d 215. In any event, since the two sentences ran concurrently and the sentence on count 1 is within the limits of the statute, the validity or invalidity of count 2 is immaterial.

▆▆▆ The defendant next contends that the Court had no authority to direct that the sentence begin after the defendant completed the sentence he was then serving in the State Penitentiary of Iowa, and that he began to serve the 3-year sentence imposed in this case on October 19, 1939, the day the sentence was rendered. This question has also been decided adversely to defendant's contention several times. The matter is controlled by Section 709a, Title 18 U.S.C.A., which provides:

"The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

It is well settled under this statute that custody by State authorities or imprisonment in a State institution following the imposition of a sentence in a United States District Court does not constitute "detention to await transportation to a place at which his sentence is to be served," and that the Federal sentence does not begin until he is delivered by the State authorities to the Federal authorities. Vanover v. Cox, 8 Cir., 136 F.2d 442; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653; Hayden v. Warden, 9 Cir., 124 F.2d 514; Zerbst v. McPike, 5 Cir., 97 F.2d 253.

▆▆▆ The defendant also contends that since the stolen automobile was driven to Elizabethtown, Kentucky, which is in that part of the Western District of Kentucky served by the Court at Louisville, the action of the Grand Jury at Owensboro, Kentucky, was illegal and void. Both Louisville and Owensboro are in the Western District of Kentucky. The counties assigned to the court sitting at each place is by rule of court, not by statute. Accordingly, Louisville and Owensboro are not in separate legal divisions of the Western District of Kentucky. Section 556a, 18 U.S. C.A., provides in substance that no motion

to quash any indictment upon the ground of irregularity in the drawing or empaneling of the grand jury shall be sustained unless such motion shall have been filed before or within ten days after the arraignment. Accordingly, the present attack on the indictment comes too late.

■ The last contention of the defendant is that the jury which returned the verdict of guilty was not polled by the court. The defendant did not request that the jury be polled. While he had a right to have the jury polled, yet a failure to make such a request is a waiver of that right. Humphries v. District of Columbia, 174 U.S. 190, 194, 195, 19 S.Ct. 637, 43 L.Ed. 944.

The defendant's motion to vacate the judgment is overruled.