### UNITED STATES v. SPRADLEY.
No. 4938.

District Court, W. D. Kentucky, Owensboro.
March 19, 1946.

David C. Walls, U. S. Atty., and Randolph A. Brown, Sp. Asst. U. S. Atty., both of Louisville, Ky., for the United States.

No attorney for defendant.

SWINFORD, District Judge.

The defendant, Douglas Spradley, files his petition for correction of sentence. On proper showing the petition is directed to be filed in forma pauperis. The petition alleges that the defendant was indicted for a violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. The indictment contained two counts, the first of which charged him with transporting an automobile in interstate commerce, knowing it to have been stolen, and with aiding and abetting another, to wit, Harold Wayne Virgin and Charles Lester Herman, in the commission of the offense. The second count charged the defendant Douglas Spradley with unlawfully and feloniously concealing and storing the automobile and with aiding and abetting Harold Wayne Virgin and Charles Lester Herman in the commission of this offense. The defendant entered his pleas of guilty to both counts of the indictment. He was sentenced to a term of five years on each count, the sentences to run consecutively and nonconcurrently.

It is claimed by the defendant that the charges contained in both of these counts of the indictment grew out of facts which constituted but one transaction and that consequently the sentence imposed on the second count is double punishment for the same offense and therefore invalid.

The question has been before the Federal Courts repeatedly and I can not find any case including those cited by the defendant which sustains his contention. Judge Shackelford Miller, Jr., now of the Sixth Circuit Court of Appeals, while serving as District Judge for the Western District of Kentucky, ruled directly on the question in the case of United States v. Dye, D.C., 61 F.Supp. 457, in an opinion of July 6, 1945.

This court in a memorandum opinion in a Western District of Kentucky case from Paducah, on May 31, 1944, had before it the exact question. That case was styled United States v. William Ira Jenkins. The memorandum opinion has not been published and since it contains the reasoning and authorities by which this Court now feels bound I quote it in full:

"William Ira Jenkins with certain other defendants, not involved here, was indicted by the Federal Grand Jury at Paducah, Kentucky on November 21, 1938.

"The indictment contained two counts and charged the defendant with the offense

of feloniously transporting and aiding and abetting another in the transportation in interstate commerce of a motor vehicle, knowing the same to have been stolen, and the further offense, charged in the second count of the indictment of feloniously receiving, concealing and storing, and aiding and abetting another in receiving, concealing, and storing the motor vehicle, knowing it to have been stolen and transported in interstate commerce.

"The defendant appeared in court without counsel and at his request, the court appointed two attorneys in the Paducah Bar, both of whom were experienced and capable, to represent him.

"After consultation with his counsel, the defendant, on November 23, 1938, entered a plea of guilty to each count contained in the indictment. Thereupon he was sentenced by the court to serve five years on each count of the indictment. The sentences were to be non-concurrent or consecutive, that is, the sentence on the second count was not to commence to run until the completion of the sentence on the first count. The defendant was committed to the Federal prison and has at this time completed the service of the first five year sentence.

"On March 21, 1944, the defendant filed in this court what he denominated a petition for writ of "habeas corpus" and asked that he be permitted to proceed in forma pauperis. This court would have no jurisdiction to entertain such a petition. It is in fact a petition to declare the sentence on the second count of the indictment void and is considered for that purpose and treated as such a request.

"It is the theory of the defendant that because the automobile which was transported in interstate commerce, as charged in the first count of the indictment, was the same automobile that he is charged with concealing, in the second count of the indictment, that there is but one offense and he should have been sentenced only on the one count.

"This question has been repeatedly decided and I prepare this memorandum only with the idea of advising the defendant that his legal rights have been fully protected and that he has not been twice put in jeopardy for the same offense. I have carefully examined each authority to which he refers. None of them have any bearing upon the question presented. I have examined the authorities cited by the United States Attorney in his brief and have made

an independent research. I find nothing to sustain the defendant's position.

"The National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, charges two distinct offenses. The offense of knowingly transporting in interstate commerce a stolen motor vehicle and, as a separate and distinct offense, the receiving and concealing of a motor vehicle. The courts have, without exception, taken the position that there is no double jeopardy in making two separate and distinct charges or counts as contained in the indictment in question.

"On February 20, 1942, the Circuit Court of Appeals for the Tenth Circuit handed down an opinion in the case of Record v. Hudspeth, 126 F.2d 215. The facts in that case are almost identical with the facts in the instant case, the only difference being that Record entered a plea of 'not guilty' while the defendant here entered a plea of 'guilty'. In holding that each sentence was valid, the court said:

" 'Two separate and distinct offenses are stated in the statute, first, the offense of transporting in interstate commerce a motor vehicle, knowing the same to have been stolen, and second, receiving, concealing, storing, bartering, selling or disposing of a motor vehicle moving in interstate commerce, knowing the same to have been stolen. We have held that one act may give rise to both offenses charged in the statute. Chrysler v. Zerbst, 10 Cir., 81 F.2d 975; Jackson v. Hudspeth, 10 Cir., 111 F.2d 128. The two counts of the indictment charge separate offenses defined in the statute.'

"The Supreme Court of the United States denied certiorari on June 8, 1942. 316 U.S. 703, 62 S.Ct. 1310, 86 L.Ed. 1771.

"The Sixth Circuit Court of Appeals, on June 9, 1924, in the case of York v. United States, 299 F. 778, held that one may be guilty of interstate transportation of a stolen automobile and also of concealing it, knowing it to have been stolen and transported in interstate commerce.

"In the case of Chrysler v. Zerbst, cited in the above quotation from Record v. Hudspeth, the court said:

" 'Under the principles above stated, it is clear that each count of the indictment charged a separate and distinct offense. The offense charged in count one involved the element of transportation in interstate or foreign commerce and receiving and concealing the motor vehicle was not an element thereof. The offense charged in count two involved the elements of receiving and concealing the motor vehicle and transportation thereof in interstate commerce by the defendants, was not an element of that offense.'

"Judge H. Church Ford, of the Eastern District of Kentucky in a comprehensive and carefully considered opinion in the case of United States v. Runion, D.C., 47 F.Supp. 594, followed the same legal reasoning and accumulated the authorities on the question. See also Doll v. Johnston, 9 Cir., 95 F.2d 838; Jackson v. Hudspeth, 10 Cir., 111 F.2d 128.

"In the light of the authorities to which I have referred and on the reasoning and principle sustained by those authorities, the defendant's motion should be overruled. An order to that effect is this day entered."

The petition of the defendant, Douglas Spradley, for a correction of the judgment is dismissed. An order to that effect is this day entered.