## CRAWFORD v. UNITED STATES.
### No. 12144.

United States Court of Appeals
Sixth Circuit.

June 8, 1954.

No attorney for appellant.

Millsaps Fitzhugh, U. S. Atty., Memphis, Tenn., for appellee.

Before ALLEN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This proceeding, brought under the provisions of Sec. 2255, Title 28 U.S. Code, to vacate the sentence heretofore imposed under Count 2 of the indictment on the ground that the offenses charged in Counts 1 and 2 of the indictment are but one and the same offense, was heard upon the record and briefs for the respective parties;

And the Court being of the opinion that the offense of transporting in interstate commerce a motor vehicle, knowing the same to have been stolen, as charged in Count 1 of the indictment, Sec. 2312, Title 18 U.S.Code, is a separate offense from the offense of receiving or concealing a motor vehicle moving in interstate commerce, knowing the same to have been stolen, as charged in Count 2 of the indictment, Sec. 2313, Title 18 U.S.Code; Spradley v. United States, 6 Cir., 162 F.2d 203; York v. United States, 6 Cir., 299 F. 778; Record v. Hudspeth, 10 Cir., 126 F.2d 215, certiorari denied 316 U.S. 703, 62 S.Ct. 1310, 86 L.Ed. 1771;

And that the evidence sustains appellee's contention that said two separate offenses were committed by the appellant; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Grabenheaimer v. United States, 6 Cir., 194 F.2d 447; Newman v. United States, 6 Cir., 212 F.2d 450.

It is ordered that the judgment of the District Court, dismissing the proceeding, be affirmed.