**Gene R. AUSTIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12325.**

United States Court of Appeals Sixth Circuit.

June 10, 1955.

274

Irving Harris, Cincinnati, Ohio, for appellant.

John H. Reddy, Chattanooga, Tenn. and James M. Meek, Knoxville, Tenn., for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

On this appeal from an order of the district court denying appellant's motion to vacate sentence, his court-appointed attorney, both in oral argument and in brief, has ably presented the contention that appellant was erroneously deprived of his rights in being permitted to defend himself without the assistance of counsel, even though he himself had requested such privilege; that defendant was erroneously convicted of violation of the Dyer Act, 18 U.S.C.A. §§ 10-2311–2313, where the only evidence of transportation consisted of proof of the sale of the stolen vehicle; that defendant should have been permitted to be present in person when his motion to set aside the judgment of conviction and sentence as to him was heard by the district court; and that conviction for the transporting in interstate commerce of a stolen automobile and the sale of the automobile knowing it to have been stolen do not permit the imposition of consecutive sentences of five years each.

None of these propositions, though well argued, is in our opinion sound. See York v. United States, 6 Cir., 299 F. 778; United States v. Spradley, D.C., 65 F. Supp. 136, opinion by District Judge Swinford, affirmed 6 Cir., 162 F.2d 203;

Crawford v. United States, 6 Cir., 214 F. 2d 313; to the effect that the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by statute.

 It is well established that it is unnecessary that a defendant be present at the hearing of his motion to set aside a judgment of conviction and sentence, where no issue of fact is presented for consideration. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. Here, we are confronted with the issue of our right to review a jury verdict determining a fact issue; and it is thoroughly established that a motion to vacate sentence is not to be employed as a substitute for appeal. Goss v. United States, 6 Cir., 179 F.2d 706.

The judgment of the district court is affirmed; and it is so ordered.