**Billy G. WOODY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States Court of Appeals Sixth Circuit.

Oct. 10, 1957.

Billy G. Woody, in pro. per.

Millsaps Fitzhugh and Edward N. Vaden, U. S. Attys., Memphis, Tenn., for appellee.

Before STEWART, Circuit Judge.

STEWART, Circuit Judge.

This is an application for leave to appeal in forma pauperis from an order of the District Court for the Western District of Tennessee, denying a motion to correct sentence, filed under the provisions of 28 U.S.C.A. § 2255. There is also before the court a motion to remand the case to the district court for findings of fact and conclusions of law. The district court has certified in writing that the appeal is not taken in good faith, and an independent examination fails to disclose that this certification was unwarranted. 28 U.S.C.A. § 1915, Johnson v. United States, 1957, 352 U.S. 565, 77 S. Ct. 550, 1 L.Ed.2d 593.

■ The petitioner was indicted, convicted, and sentenced to two consecutive five year terms of imprisonment for violations of the provisions of 18 U.S.C.A. §§ 2312 and 2313. The motor vehicle which he was convicted of transporting in violation of Section 2312 was the identical motor vehicle which he was convicted of receiving and concealing in violation of Section 2313, and the petitioner contends that his conduct constituted but one offense, punishable by a maximum total of five years imprisonment. The law in this circuit has long since been settled contrary to the petitioner's contention. United States v. Spradley, D.C., 65 F. Supp. 136, affirmed, 6 Cir., 1947, 162 F. 2d 203; York v. United States, 6 Cir., 1924, 299 F. 778; Crawford v. United States, 6 Cir., 1954, 214 F.2d 313; Austin v. United States, 6 Cir., 1955, 224 F. 2d 273, certiorari denied 350 U.S. 865, 76 S.Ct. 108, 100 L.Ed. 766. This is also the conclusion that has been unanimously reached in every federal court where the precise question has arisen. Chrysler v. Zerbst, 10 Cir., 1936, 81 F.2d 975; Jackson v. Hudspeth, 10 Cir., 1940, 111 F.2d 128; Record v. Hudspeth, 10 Cir., 1942, 126 F.2d 215, certiorari denied 316 U.S. 703, 62 S.Ct. 1310, 86 L.Ed. 1771; Lindsay v. United States, 10 Cir., 1943, 134 F.2d 960, certiorari denied 319 U.S. 763, 63 S.Ct. 1316, 87 L.Ed. 1714; Doll v. Johnson, 9 Cir., 1938, 95 F.2d 838, certiorari denied 304 U.S. 574, 58 S.Ct. 1050, 82 L.Ed. 1538; United States v. Runion, D.C.E.D.Ky.1942, 47 F.Supp. 594; United States v. Dye, D.C.W.D.Ky.1945, 61 F. Supp. 457.

The Supreme Court's recent decision in Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 is inapplicable, since that decision was expressly confined to interpretation of a quite different statute, the Federal Bank Robbery Act, 18 U.S.C.A. § 2113.

■ Leave to appeal in forma pauperis is therefore denied. The motion to remand is also denied, for the reason that the facts relied upon are not in dispute and were fully disclosed by the motion and the files and records of the case in the district court. 28 U.S.C.A. § 2255.