**Larry Thomas JAMISON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13457.**

United States Court of Appeals
Sixth Circuit.
June 12, 1958.

Claude F. Cooper, Blytheville, Ark., on the brief, for appellant.

Warner Hodges, Asst. U. S. Atty., Memphis, Tenn. (Malcolm Anderson, Asst. Atty. Gen., Millsaps Fitzhugh, U. S. Atty., Memphis, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This appeal is from a order overruling a petition to vacate a sentence imposed upon the appellant on certain counts of an indictment charging four separate violations of the National Motor Vehicle Act, Title 18 U.S.C. § 2312. There is no dispute as to the facts.

On July 24, 1945, following a plea of guilty to two indictments entered with the advice of counsel of his own choosing, the appellant was sentenced to the custody of the Attorney General for a total of fifteen years in the following manner: Five years on each of counts one through four of one indictment, the sentences to run concurrently; five years on each of counts five through eight of the same indictment, sentences to run concurrently but to commence at the expiration of sentences imposed on counts one through four; and five years on a second indictment, this sentence to commence at the expiration of the sentences imposed on counts five through eight of the first indictment. On January 30, 1951, the appellant was paroled. In the summer of 1957, he was imprisoned for violation of parole. Under Title 18, § 4205, he is not entitled to credit toward his sentences for the period of parole. On October 18, 1957, he filed a petition alleging that the sentence imposed upon counts five through eight of the first indictment was void and that he was entitled to have it vacated and to be released. The government responded with a plea of res adjudicata, alleging that the question raised by the petitioner had previously been raised by a petition for a writ of habeas corpus commenced in the district court for the Northern District of Georgia in 1947 and was there overruled. The district court sustained the plea and this appeal followed.

The plea of res adjudicata was perhaps not well taken because all that could be determined in 1947, in the habeas corpus proceeding, was whether or not the appellant was then properly confined. The appellant concedes a valid sentence of ten years, his only contention being that the sentence imposed on counts five through eight of the first indictment was void. If the contention is sound, the appellant is entitled to correction thereof and release under the authority of § 2255 of Title 28 U.S.C. The

138

argument, on his behalf, is that the sentence imposed upon the second group of counts in the first indictment may not be split, for purposes of sentence where the plea of guilty was entered to the indictment as a whole, and not upon each count separately. We have, however, held that if separate offenses are supported by separate counts of a single indictment, cumulative sentences on each count are valid. Crawford v. United States, 6 Cir., 214 F.2d 313, and the cases there cited, both from this Court and other Courts of Appeals. Each count of the first indictment charges the transportation of a separate car in interstate commerce, at different times, with the knowledge that it was stolen. By reason of our holding in the Crawford case, the district court was powerless to grant relief under § 2255, Title 28, of the Code.

The dismissal of the appellant's petition is

Affirmed.