**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David Ralph LINKENAUGER, Defendant-
Appellant.**

**No. 16481.**

United States Court of Appeals
Sixth Circuit.

March 30, 1966.

David Ralph Linkenauger, on brief, in pro. per.

J. H. Reddy, U. S. Atty., John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This case is here on appeal from an order of the District Court denying appellant's motion to correct sentence, filed under Rule 35 F.R.Cr.P.

Appellant was indicted by the grand jury on May 12, 1960, on a single count indictment charging him with transporting in interstate commerce a motor vehicle which he knew was stolen, in violation of Section 2312, Title 18, U.S.C. He appeared before the Court represented by counsel and entered a plea of guilty. The case was referred by the Court to the probation officer for presentence investigation. Thereafter he appeared before the Court for sentencing and withdrew his plea of guilty and entered a plea of not guilty. His counsel was given permission to withdraw from the case.

On December 5, 1960 appellant was indicted by the grand jury on a two count indictment, the first count charging him with transporting in interstate commerce said motor vehicle which he knew was stolen, in violation of Section 2312, Title 18, U.S.C., and the second count charging him with concealing the same automobile, in violation of Section 2313, Title 18, U.S.C. The first indictment was then dismissed. Counsel was appointed for him and he entered a plea of guilty to both counts of the second indictment. He was sentenced to five years' imprisonment on the first count and three years on the second count, to be served consecutively. He has served his five years' sentence. His present motion to vacate is the third motion which he has filed, all of which have been denied.

Appellant claims that his transporting the stolen automobile in inter-

state commerce necessarily involved concealing it, and was a single offense, and therefore he should not receive multiple sentences. He relies on Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed. 2d 75 (1961); Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed. 2d 407 (1959); Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955).

This question is not new with this Court. It has been decided adversely to appellant's contention in a number of cases. Austin v. United States, 224 F.2d 273 (6th Cir., 1955); Crawford v. United States, 214 F.2d 313 (6th Cir. 1954); Lindsay v. United States, 134 F.2d 960 (6th Cir. 1943); York v. United States, 299 F. 778 (6th Cir. 1924).

The latest decision was one by Circuit Judge Stewart, now Mr. Justice Stewart, who, in denying a motion to proceed in forma pauperis, ruled that the offenses were separate and distinct. Woody v. United States, 258 F.2d 535 (6th Cir. 1957). The Supreme Court admitted *Woody* on certiorari and affirmed Judge Stewart's decision by an equally divided Court. 359 U.S. 118 (1957). Since that time the Supreme Court decided Milanovich v. United States, supra. The Court of Appeals for the Fourth Circuit, however, distinguished *Milanovich* on the ground that a different statute was involved. United States v. Lankford, 296 F.2d 34 (4th Cir. 1961). Other decisions holding that the offenses are separate are Madsen v. United States, 165 F.2d 507 (10th Cir. 1947); Batson v. Squier, 146 F.2d 264 (9th Cir. 1944); Record v. Hudspeth, 126 F.2d 215 (10th Cir. 1942); Chrysler v. Zerbst, 81 F.2d 975 (10th Cir. 1936).

■ Since the Supreme Court affirmed *Woody*, although by an equally divided Court, we feel that we are bound by that decision.

Affirmed.