UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul Houston THOMPSON, Defendant-Appellant.

No. 20560.

United States Court of Appeals,
Sixth Circuit.

May 21, 1971.

Robert Popper, Kansas City, Mo., court appointed and on brief, for appellant.

W. Waverley Townes, Louisville, Ky., for appellee; George J. Long, U. S. Atty., Louisville, Ky., Will Wilson, Asst. Atty. Gen., Beatrice Rosenberg, Roger A. Pauley, Attys., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

This is the second appeal in this case. Reference is made to the previous opinion of this court for a recitation of the facts. United States v. Thompson, 422 F.2d 1104.

On the prior appeal the conviction was affirmed. The case was remanded to the District Court with leave to reconsider and modify the two five-year consecutive sentences imposed upon appellant. After reconsidering the case on remand the District Court continued in effect the two five-year consecutive sentences, but ordered that appellant may become eligible for parole at such time as the Board of Parole may determine under the provisions of 18 U.S.C. § 4208(a) (2).

The principal issue on the present appeal is whether the interstate transportation of the stolen vehicle and the concealment of the vehicle as charged under the two counts of the indictment constituted separate offenses for which separate punishment may be imposed. We answer the question in the affirmative.

On the previous appeal this court held that "there is ample proof from which the jury could have found concealment apart from the act of transportation." The record discloses that a black 1958 Thunderbird was stolen from a used car lot in Fort Wayne, Indiana. Two days

later appellant was involved in a hit and run accident in Louisville, Kentucky, while driving the stolen car. At that time the car bore license plates that had been issued to a Cadillac previously transferred to appellant by his father. When the stolen car subsequently was found abandoned, the license plates had been removed.

In these circumstances, involving violations of different statutes having distinct elements, 18 U.S.C. §§ 2312–2313, we adhere to the rule of this Circuit that two separate offenses were committed for which cumulative punishment may be imposed. United States v. Linkenauger, 357 F.2d 925 (6th Cir.), Woody v. United States, 258 F.2d 535 (6th Cir.), affirmed by an equally divided Court, 359 U.S. 118, 79 S.Ct. 721, 3 L.Ed.2d 673.

Affirmed.