## GRABENHEAIMER v. UNITED STATES.
### No. 11451.

United States Court of Appeals
Sixth Circuit.

Feb. 20, 1952.

Julius Lucius Echeles, Chicago, Ill., for appellant.

Vincent Fordell, Detroit, Mich. (Joseph C. Murphy, Acting U. S. Atty., Vincent Fordell, Asst. U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before HICKS, Chief Judge, ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

Appellant was convicted of violating § 2593(a), 26 U.S.C., by the unlawful acquirement of marijuana, without payment of tax. The jury found appellant guilty as charged in the two counts of the indictment, and the District Court sentenced him on the first count to three years imprisonment, and on the second count to three and a half years imprisonment, the sentences to be served consecutively.

■ The verdict is supported by ample evidence and the rulings of the court upon the numerous questions presented were not erroneous.

We deem it necessary to discuss only two of the contentions raised by appellant, all of which have been considered.

Section 2593(a) reads as follows: "Persons in general. It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the collector, to produce the order form required by section 2591 to be retained by him, shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 2590 (a)."

Appellant contends that one of the essential steps in proving a violation of this statute is to show that the accused has failed after notice and demand by the Collector of Internal Revenue to produce the order form required by § 2591 to be retained by the transferee, and that no such proof is shown in this record.

■ This contention is not supported by the evidence and is based upon a misconception of the statute. The record shows by the testimony of two witnesses, including a deputy collector, that demand was made and that the appellant stated he did not have the order required.

■ This disposes of the contention, but because of the importance of the question we point out that § 2593(a) does not declare that proof of demand by the collector and failure to produce the order is, as claimed by appellant, an essential step in proving violation of the statute. It is a helpful step, if proven, but not indispensable. The section provides that such proof is presumptive evidence of guilt and of liability for the tax, but it does not exclude proof of guilt and liability by other means.

Appellant also contends that the court imposed a double sentence for one violation of the statute. This is based upon the fact that the first count of the indictment charges possession of 660 grains of marijuana. This was found in appellant's possession when he was apprehended on Grand Boulevard in Detroit when about to sell the drug. The second count charges possession of 6,000 grains of bulk marijuana on the same day, which were located when the appellant led the officers to his home some two miles from the point where he was arrested.

The statute provides for a maximum sentence of five years, and the combined sentences imposed by the District Court on both counts amount to six and a half years.

■ This contention likewise has no merit. The test as to whether the offenses are identical is whether evidence sustaining the first count would have proved the second count. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed 306; United States v. Busch, 2 Cir., 64 F.2d 27.

■ It is obvious that proof of the possession of the small amount of marijuana at Grand Boulevard would not prove possession of the 6,000 grains of marijuana found at appellant's house. The offenses were separate and distinct.

It is not necessary to pass upon the motion for bond pending appeal.

The judgment of the District Court is affirmed.