Andrew DELACERDA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12300.

United States Court of Appeals
Sixth Circuit.

June 28, 1955.

**832**

Richard A. Weiland, Cincinnati, Ohio (Morton I. Rosenbaum, Cincinnati, Ohio, on the brief), for appellant.

Clarence M. Condon, Asst. U. S. Atty., Toledo, Ohio, for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

Under an information which contained four counts appellant was charged with violation of the Narcotics law, 26 U.S.C. § 2590. Count 1 charged the possession (not in the original stamped package) and Count 2 charged failure to pay the transfer tax on a tobacco can of bulk marihuana. Count 3 charged possession (not in the original stamped package) and Count 4 charged failure to pay the transfer tax on one pound of bulk marihuana. Appellant pleaded guilty to all counts. The court in sentencing appellant made the sentences under Counts 1 and 2 concurrent with each other, the sentences under Counts 3 and 4 concurrent with each other, and ordered that the sentences under Counts 3 and 4 be served consecutively with the sentences imposed under Counts 1 and 2.

Appellant who was represented by counsel both in the District Court and in this court, contends that there was no evidence of four separate crimes. This court, at the hearing, ordered forthwith diminution of the record, in compliance with which order the Assistant United States Attorney filed in this court forthwith the official Narcotic Case Report from the Treasury Department, Bureau of Narcotics, containing copy of a statement signed and sworn to by appellant with reference to these transactions. This statement shows that the tobacco can of marihuana was sold by appellant in the night of August 27, 1953, and that the pound of bulk marihuana was sold by appellant at 2:00 P.M. on August 28, 1953.

The transactions described in the information were separate offenses. Grabenheaimer v. United States, 6 Cir., 194 F.2d 447.

No reversible error appearing in the record, the order denying motion to correct judgment and sentence is affirmed.