## DAVIS *v.* STATE.

(*Knoxville*, Sept. Term 1947 (May Session 1948).)

**Opinion filed June 12, 1948.**

LEON E. EASTERLY, of Greeneville, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

Defendant, Roy Davis, was convicted of assault and battery and his punishment fixed at a fine of $200 and a jail sentence of thirty days.

Defendant and Edward Shipley were separately indicted on charges of felonious assault on each other. They were both tried together by consent and both convicted, but Edward Shipley has not appealed.

It is conceded by the State that Edward Shipley fired the shots, but the State's contention is that the parties engaged willingly in a fight in a public place. The fight took place on a public road where Donald Davis, a cousin of defendant, engaged in a fight with Dennis Shipley, brother of Edward Shipley. During the fight Dennis called on his brother Edward, who was tried and convicted, for help. Edward had a pistol and shot one time in the ground, under the feet of defendant, who was advancing on him according to the State's proof, and immediately fired another shot, striking defendant in this left thigh. Defendant continued to advance on Edward and took the pistol away from him.

Dennis and Edward Shipley both testified that it was defendant who fired the shots in the scuffle over the pistol and struck Edward over the head with it.

After the fight was over, defendant turned the pistol over to a man at a filling station and asked him to notify the Sheriff. He then went to the hospital for treatment. The Sheriff later found the pistol where defendant told him he had left it.

The State's witness Donald Davis testified as to material facts concerning the fight. He was cross-examined by Mr. Kilgo, attorney for Edward Shipley.

The Trial Judge declined to allow Mr. Easterly, attorney for defendant, to cross-examine this witness, when the following occurred:

"Mr. Easterly: This witness has been offered by the State, and on behalf of Roy Davis I want to cross-examine him. There are two or three things in behalf of Roy Davis, I would like to develop.

"The Court: I don't think you have a right to cross-examine this witness.

"Mr. Easterly: I reserve exception to your Honor's ruling, in refusing to let this witness be cross-examined in behalf of Roy Davis."

We cannot agree to the insistence made by the State that the refusal of the Trial Judge to permit cross-examination of the witness Donald Davis by counsel for defendant was harmless error and falls under Section 10654 of Williams' Code. The right to cross-examine a witness is fundamental. Of course, it was to the interest of defendant to show that Edward Shipley was at fault. Cross-examination of a witness is controlled by the Trial Judge and his discretion will not ordinarily be disturbed, but where a witness has testified to material matters on his direct examination, the right to cross-examine cannot be denied. *York* v. *United States*, 6 Cir., 1924, 299 F. 778. We think such a refusal constitutes reversible error.

We, therefore, express no opinion on the facts of this case, as it must be reversed and remanded because of the refusal of the Trial Judge to permit cross-examination of the witness Donald Davis.

All concur.