# LOUIE VERNON HOBBS & EULICE McDANIEL, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 460 S.W.2d 377.

Court of Criminal Appeals of Tennessee. Sept. 17, 1970.

Certiorari Denied by Supreme Court Nov. 2, 1970.

Jerome C. Ables, So. Pittsburg, for plaintiffs in error.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, J. Harvey Cameron, Asst. Dist. Atty. Gen., So. Pittsburg, for defendant in error.

OPINION

WALKER, Presiding Judge.

The Grundy County grand jury indicted the defendants, Louie Vernon Hobbs and Eulice McDaniel, with George David Byers, John C. Campbell and Estes Campbell, for concealing stolen property, a 1964 Ford dump truck valued at $4000. On their trial with Byers, the defendants were found guilty and sentenced to three to ten years' imprisonment. Byers was acquitted by the jury. They appeal in error, contending that the trial judge erred in restricting the cross-examination of a state trooper about warrants obtained against them in Coffee County.

On or about July 1, 1966, a 1964 Ford dump truck was stolen from Robert Blaine Cultra, Sr., who operates a nursery and was then sodding the banks along the interstate highway in Coffee County. A state trooper found the truck at about 2:30 P.M., July 5, 1966, in a wooded section of Grundy County. He testified that Byers was about 75 yards away and the other four named in the indictment were squatted in front of it 12 or 15 feet from him. They had a hydraulic jack and Hobbs was working on the left front wheel. They had already removed the right front wheel and some other parts of the truck including the transmission.

The trooper knew all of the five men there and told them, "Boys, it's too late to run this time; you needn't run this time." They did run, however, and were later arrested.

Neither defendant testified. Hobbs introduced testi-

mony by two witnesses that at about 2:30 P.M. he was at Sue's Cafe between Tracy City and Coalmont and that he waited on them in that place. The jury believed the State's witness that the defendants were in the wooded area and were stripping the stolen vehicle there.

Sergeant Earl Hullett of the Tennessee Highway Patrol testified that he went with Robert Cultra, Jr., to the courthouse in Manchester, where they obtained warrants for the five named in this indictment. On cross-examination, he testified that Mr. Cultra signed the warrants charging them with stealing the truck. Over the defendants' objection, the court held that the disposition of those warrants was immaterial. The jury was excused, but the defendant did not offer to show in its absence what the excluded evidence would show.

The right to cross-examine a witness is fundamental. Davis v. State, 186 Tenn. 545, 212 S.W.2d 374. Reasonable opportunity to cross-examine a witness who has been heard in chief must be afforded the defendant. The exercise of this right is controlled by the trial judge and his discretion will not ordinarily be disturbed. The disposition of the Coffee County warrants was not relevant or material to the issues raised under this indictment. Under the circumstances, the trial judge did not abuse his discretion. See Monts v. State, 214 Tenn. 171, 379 S.W.2d 34.

The judgment of the lower court is affirmed.

MITCHELL, J., concurs.