Allen **JOHNSON**, Plaintiff in Error,

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Nov. 8, 1971.

Certiorari Denied by Supreme Court Feb. 7, 1972.

Conrad Finnell, Cleveland, for plaintiff in error.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, Tom J. Taylor, Dist. Atty. Gen., Earle G. Murphy, Asst. Dist. Atty. Gen., Cleveland, for defendant in error.

O'BRIEN, Judge.

## OPINION

The defendant was convicted of grand larceny in Bradley County Criminal Court, and sentenced to not less than three nor more than seven years in the State Penitentiary. A motion for new trial was overruled by the trial judge and the defendant has appealed to this court assigning the following errors:

(1) The trial court erred in unduly restricting defense counsel's cross-examination of State witnesses.

(2) The court erred in refusing to permit Debra Westfield to testify as a defense witness when she was not in the courtroom during the defendant's testimony.

(3) The court erred in charging the jury to the effect that the defendant had a right to take the stand, and that his testimony is entitled to be considered as the testimony of other witnesses, but bearing in mind that he was interested in the outcome of the trial; and the court erred in refusing to sustain defendant's quickly drawn exception to this charge.

The facts briefly stated are that on the night of August 8, 1970, the house of one Don Scoggins was burglarized and a money box taken. The box contained approximately Four Thousand Nine Hundred ($4,900.00) Dollars in cash and checks. A large number of the checks were found in a field near the home of Scoggins.

In committing the burglary, the person who did so unscrewed a light bulb on the backporch or patio of the residence, raised a window and entered the bedroom where the box and its contents were taken. The defendant was seen within three blocks of the home burglarized at about 3:00 a. m. on the night of the burglary. He was subsequently arrested, and according to the proof, a check in the amount of Four Dollars and Ninety-Three Cents ($4.93) with the endorsement, "For deposit only to Don's Food Basket", was found in defendant's billfold. Don's Food Basket is owned and operated by the prosecutor, Don Scoggins, and this check was in the box taken by the person who committed the burglary.

In the investigation of the robbery, officers found fingerprints on the light bulb which had been loosened, and, according to the testimony of State's witness, Douglas Woodlee, a fingerprint expert with the TBI, fingerprints on the bulb are those of the defendant, Allen Johnson. The defendant denies that he committed the burglary claiming as an alibi that he was in Chattanooga on the night of the burglary with his girl friend, Debra Westfield.

By the first assignment of error it is insisted that the trial judge unduly restricted defense counsel's cross-examination of State witnesses.

In the case of Monts v. State of Tennessee, 214 Tenn. 171, 379 S.W.2d 34, the Supreme Court, speaking through Chief Justice Burnett, said:

"This Court has recognized that the right to cross-examine a witness is fundamental, Davis v. State, 186 Tenn. 545, 212 S.W.2d 374 (1948); but the exercise

of this right is controlled by the trial judge and his discretion will not ordinarily be disturbed."

Also, see State v. Fowler, 213 Tenn. 239, 373 S.W.2d 460.

In reading the testimony of State witness, Woodlee, where the defendant complains that his cross-examination was limited, we find that the court was quite liberal in permitting defendant's attorney to cross-examine this witness even to answering the same question more than once, and we do not believe that the trial court abused its discretion in the conduct of this trial.

Assignment No. 1 is overruled.

Assignment No. 2 insists that the court erred in refusing to allow Debra Westfield, a defense witness, to testify as a defense witness when she was not in the courtroom during the defendant's testimony.

The record discloses that defendant's attorney asked for the rule and the rule was ordered by the trial court. This witness was in the courtroom during part of the trial, but not during the time when the defendant testified.

The defendant and his attorney, no doubt, knew that defendant's defense was going to be an alibi attempting to show that he was not present at the time of the alleged burglary and therefore could not have committed the crime. The defendant and his attorney certainly knew that the main witness would be Debra Westfield. The defendant's attorney invoked the rule for witnesses to be excluded from the courtroom. And while it is true that witness Debra Westfield may not have been in the courtroom at the time of defendant's testimony, according to the record she was present when the State's witnesses testified and had the benefit of hearing their testimony.

In the case of Ezell v. State, 220 Tenn. 11, 413 S.W.2d 678, our Supreme Court, speaking through Chief Justice Burnett, reversed the trial court in refusing to let a witness testify who was a co-defendant at the beginning of the trial; the State having taken a nolle prosequi as to the witness, but the trial judge failed to warn the witness that he was subject to the rule excluding witnesses from the courtroom and that he would therefore be required to leave the courtroom if he intended to testify.

Such is not the case before us. Counsel for the defendant knew, or should have known, that Debra Westfield was to testify and she should have been excluded from the courtroom during the entire trial until she was called as a witness. The trial judge has broad discretion in such matters, and unless this discretion is abused, his action will not be reversed. See Nance v. State, 210 Tenn. 328, 358 S.W.2d 327.

The second assignment is overruled.

The third assignment of error protests the court's action in instructing the jury on defendant's testimony as follows:

"The accused having testified in his own behalf, the jurors will judge of and weigh his evidence just as you all will do that of the other witnesses in the case, always remembering that he is a party to the suit and is interested in the result of the trial."

The rule applying to jury instructions regarding the testimony of a defendant in a criminal case has been followed in Tennessee for many years, seems to be the rule in a majority of the States, and has been approved by the United States Supreme Court. Cooper v. State, 123 Tenn. 37, 138 S.W. 826; Marino v. U. S., (CCA 9th) 91 F.2d 691, 113 A.L.R. 975, cert. denied, 302 U.S. 764, 58 S.Ct. 410, 82 L.Ed. 593. The instruction is as beneficial to a defendant as it might be said to be detrimental because it informs the jury that defendant's testimony is as credible as that of any other witness, to be considered in the light of his relation to the case. So long as the

charge does not cast discredit upon the accused, nor mislead the jury into treating his testimony differently from that of other witnesses, nor invade the province of the jury, such a charge is not improper. The charge in this case does not do any of those things and therefore, the assignment of error must be overruled.

Having found no error in the record, the judgment of the trial court is affirmed.

WALKER, P. J., and RUSSELL, J., concur.