STATE of Tennessee, Appellee,

v.

James BLACK, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

May 5, 1981.

Permission to Appeal Denied by Supreme Court July 13, 1981.

Clifford E. Wilson, Madisonville, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

## OPINION

DWYER, Judge.

Convicted for committing the offenses of burglary in the first degree, with punishment of confinement for not less than five nor more than seven years and rape with punishment of not less than five nor more than fifteen years, the appellant appeals.

The sufficiency of the convicting evidence being placed in issue, prompts our narration of the record. On the night of October 5, 1979, or early morning hours of October 6, 1979, the prosecutrix was awakened in her Madisonville home by the telephone. A voice inquired if her husband was there. The prosecutrix informed the caller he was not and the conversation ended. Later, she was awakened by a black man wearing a light colored shirt who got on top of her and told her not to move or he would kill her. She was then raped and the assailant fled.

Once notified of the rape, the investigating officer recalled seeing a small green pickup truck in the vicinity earlier that evening that belonged to the appellant. The appellant was apprehended and in his first statement denied being at the victim's residence. Later that morning the appellant told the officer that he crawled in the victim's bed, told her not to move and had intercourse.

The evidence further reflected that appellant had called the victim who recorded the conversation and asked "to work something out", "to keep from going to trial". Also, he could not explain his actions.

The appellant, testifying in his own behalf, related he and the victim met at the courthouse where they both were employed and from this acquaintanceship an affair transpired. On the evening in question they had chanced upon one another and she invited him to come to her house. Later that night they had sexual intercourse and as he was leaving her home a car approached and he fled. Appellant further related that after allowing the victim time to get her story straightened out with her husband, he gave his second statement that he had sex with her but it was not by force.

■ The jury by its verdict has rejected appellant's defense that this was consensual intercourse and not rape. It is not our prerogative to reweigh or reevaluate their finding. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn.1973). Based on her testimony that the appellant was not invited into the house, the jury could and did infer his entering was illegal and that he raped the victim. The evidence is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt. T.R.A.P. 13(e). The evidence issues are overruled.

The appellant's first three issues address the voir dire in that (1) the trial court abused its discretion in refusing to permit the jurors to be voir dired one at a time in the absence of either the prospective or selective jurors; (2) the trial court erred in prohibiting appellant's counsel from eliciting information from prospective jurors concerning their racial attitudes; and (3) the trial court's repeated comments that the victim is white and the defendant is black constituted an invasion of the province of the jury and inferred guilt.

■ Being mindful that the court may direct the questioning of prospective jurors out of the presence of other jurors, Tenn.R. Crim.P. 24(a), we also note the voir dire rests within the sound discretion of the trial court. *Smith v. State*, 554 S.W.2d 648, 651 (Tenn.Cr.App.1977). In the absence of some showing of prejudice, *Sommerville v. State*, 521 S.W.2d 792, 797 (Tenn.1975), we find no abuse of discretion in the trial court's denial of the individual interrogation during the voir dire.

■ Appellant respectfully points out that under the mandates of Tenn.R.Crim.P. 24(a) the trial court shall permit question-

ing by the parties for the purpose of discovering bases for challenge for cause and enabling an intelligent exercise of preemptory challenges. Our review of the record indicates that while the trial court refused to allow either party to delve into racial aspects, the trial court in its own examination of the prospective jurors inquired as to any possible bias or prejudice the prospective jurors might have because the victim was white and the appellant was black. The court stated if any juror possessed such feelings, they would be excused. Further, the trial court informed counsel if either party was aware of anything specific in this area that may disqualify a juror, he would be free to inquire. This procedure goes beyond what was required by the United States Supreme Court in *Ristaino v. Ross*, 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976), wherein a black defendant's request that the prospective jurors be questioned specifically about racial prejudice was denied and his conviction was upheld.

■ The court in referring to the prosecutrix as the victim in its voir dire did not violate Article 6, § 9 of the Tennessee Constitution. Accordingly, appellant's issues attacking the voir dire are overruled.

■ Next, error has been alleged in the trial court's refusal to permit appellant to replay portions of the tape introduced by the State for the purpose of cross examining the prosecutrix. The scope of cross examination of witnesses is within the discretion of the trial court. *Mattress v. State*, 564 S.W.2d 678, 681 (Tenn.Cr.App. 1977). The record reflects that the appellant had access to the tape and transcript and that the tape was played to the jury. The court allowed appellant the right to cross examine the prosecutrix as to certain alleged interruptions on the tape. We find no abuse of discretion. This issue is overruled.

■ Appellant complains that the court placed undue pressure upon the jury to reach a verdict by keeping them deliberating until 11:00 p. m. with a snow storm in progress. At the outset, no objection was made by the appellant to the trial proceeding, see *Hembree v. State*, 546 S.W.2d 235, 242 (Tenn.Cr.App.1976); therefore, this issue has been waived. T.R.A.P. 36(a). Moreover, even if we reviewed this issue, with the record reflecting that (1) no testimony was heard until after the lunch recess, around 1:00 p. m.; (2) the court recessed for dinner and reconvened at 7:34 p. m.; (3) the jury began deliberating around 9:08 p. m. and returned with a verdict at 10:52 p. m., we would be obliged to find this issue to be without merit.

■ For his next issue, appellant contends the trial court abused his discretion in ordering consecutive sentences for the burglary and rape convictions. With both crimes carrying an indicia of high risk to human life coupled with the threat of appellant that if the prosecutrix moved, he would kill her, the appellant fits the dangerous offender category as announced in *Gray v. State*, 538 S.W.2d 391, 393 (Tenn. 1976). See *Saeger v. State*, 592 S.W.2d 909 (Tenn.Cr.App.1979). This issue is meritless.

Lastly, a panel of this court has previously denied appellant's motion for bond. In affirming the judgment of the trial court we see no reason to reexamine the bond issue, thus the renewed motion is denied.

The judgment of the trial court is affirmed.

WALKER, P. J., and BYERS, J., concur.