**STATE of Tennessee, Appellee,**

v.

**Richard M. WARD, Appellant,**

**No. 85–28–III.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 14, 1986.

W.J. Michael Cody, Atty. Gen. & Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Ronald Miller, Mary Hausman, Asst. Attys. Gen., Nashville, for appellee.

Richard McGee, Lionel R. Barrett, Jr., P.C., Mariah A. Wooten, Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

This appeal is from defendant's conviction for burglary, sexual battery, and rape in the Davidson County Criminal Court.

Defendant received sentences of five (5) years each on two counts of burglary; three (3) years on the sexual battery charge, and five (5) years on the count of rape. Counts 1 and 2 were fixed to be served consecutively to each other and Counts 3 and 4 were to be served concurrently with 1 and 2.

In the order in which the issues are presented for review defendant first complains of the exclusion of proffered expert testimony concerning the reliability of eyewitness identification. Defendant offered the testimony of Dr. Thomas Edward Schacht, a member of the faculty of the Department of Psychiatry and Behavioral Sciences at the Quillen Dishner College of Medicine, East Tennessee State University, as an expert witness on the subject of the reliability of eyewitness identification. Counsel stated the general thrust of the testimony would be to have the witness look at the factors involved in the case such as stress, violence, and such matters which, in his professional opinion, could lead to a mistaken eyewitness identification. The trial court held that the issue was not whether eyewitness testimony was reliable but whether the jury should be told in specific terms by an expert how to evaluate the evidence by being informed how unreliable that type of testimony could be. He held that the jury must make a decision regarding the credibility of the witnesses based on their own observations and their life experiences, and expert testimony to inform them how to go about that would be an invasion of their province, and therefore inadmissible.

█ The general rule is that expert testimony is admissible concerning matters requiring special skill or scientific knowledge and not those things within the knowledge or understanding of lay persons generally. When expert opinion testimony relates to matters directly in issue, it should not be admitted unless its admission is demanded by the necessities of the individual case. 23 C.J.S., Criminal Law, Sec. 858(5), p. 390. This rule is flexible, and the admission of such evidence is a discretionary

matter with the trial court. See *State v. Atkins*, 681 S.W.2d 571, 577 (Tenn.Cr.App. 1984). This Court has previously ruled that whether eyewitness testimony is reliable is a matter which the jury can determine from hearing the testimony of the witnesses, on direct and cross-examination, and does not require expert testimony. See *State v. Wooden*, 658 S.W.2d 553, 557 (Tenn.Cr.App.1983). The great weight of authority in this country is that the study of the reliability of eyewitness identification has not attained that degree of exactitude which would qualify it as a specific science. See *State v. Wooden*, supra, at 556. We are of the opinion that there are too many variables involved including individual power of observation, individual reaction to stress or the threat of violence, the visual acuity of a particular witness, as well as numbers of general, common factors unamenable to charting and categorizing. Although the testimony of Dr. Schacht might have been helpful to the court in some degree, we do not find error in the decision to deny the admission of this evidence.

█ Defendant insists it was error to exclude the testimony relative to sodium amytal interviews participated in by defendant and asks that we overrule our case of *State v. Delk*, 692 S.W.2d 431, 439 (Tenn.Cr.App.1985). We decline to do so for the reasons set forth in our review of the previous issue.

█ It is argued that consecutive sentencing was inappropriate in this case. The effective sentence meted out came to a total of eight (8) years. Whether sentences should be served concurrently or consecutively is a matter addressed to the sound judicial discretion of the trial judge. *State v. Cannon*, 661 S.W.2d 893, 900 (Tenn.Cr. App.1983); T.C.A. § 40–20–111. The defendant was convicted of both rape and burglary, offenses which carry indicia of high risk to human life. See *State v. Black*, 618 S.W.2d 526, 528 (Tenn.Cr.App. 1981). Although the trial judge did not articulate specific grounds for the consecutive sentencing, the crimes for which de-

**488**

fendant was convicted warrant consecutive sentencing in accordance with the guidelines set forth in *Gray v. State*, 538 S.W.2d 391 (Tenn.1976). The issue is without merit.

Adherence by trial judges to the requirements of Tennessee Rule of Criminal Procedure 32(c)(1) and T.C.A. § 40–35–209 would diminish likelihood of reversal of their judgments on issues of this nature.

■ Defendant says the identification procedures utilized in this case were so unnecessarily suggestive they gave rise to a substantial likelihood of misidentification. Both of the victims involved testified they were positive of their identification of defendant at the time the offenses were committed. Both testified in detail about the circumstances of the individual assaults. They each described their assailant as he appeared at the time, and each assisted in the preparation of a composite using an identification kit provided by the police. Although neither could make a positive identification from the first group of photographs submitted to them which included the defendant's picture, they both made an identification from a second group of pictures. They each made a positive identification at a physical line-up. Each of them were positive of their identification under rigid cross-examination. After a hearing on a pretrial motion to suppress the trial judge found no fault with the identification procedure and we concur in that conclusion. We do not find any substantial likelihood of irreparable misidentification, and there was not a due process violation. See *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Sloan v. State*, 584 S.W.2d 461, 466 (Tenn.Cr.App. 1979).

■ Defendant says the trial court erred in denying what is commonly referred to as a "telfaire" instruction on the issue of eyewitness identification. It is conceded that the "telfaire" charge has never been required in this State. *State v. Wooden*, supra at 557. Defendant insists that the prior cases in the State on the issue are distinguishable because there was other evidence to corroborate identification, which he says was not true in the case at bar. We respectfully disagree. Each of these witnesses to separate offenses occurring on different dates identified defendant's attire, as well as his physical characteristics. In each case the modus operandi is not only similar, but highly distinctive. The offenses occurred in the same neighborhood and only a few days apart. These are all circumstances which serve to corroborate the identification of defendant as the assailant in these cases. The issue is without merit.

■ The foregoing reasoning also applies to the sufficiency of the evidence. While the State has not elucidated any of the evidence in response to this issue, it submits that evidence of defendant's guilt was overwhelming. The positive identification by the victims in this case coupled with the other evidence which points unerringly to defendant as the assailant, was sufficient to enable any reasonable trier of fact to find guilt beyond a reasonable doubt. The evidence meets the standards required in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and T.R. A.P. 13 (e).

The judgment of the trial court is affirmed.

DUNCAN, J. and JOHN D. TEMPLETON, Special Judge, concur.