IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

October 13, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,      )
                         )
        Appellee,        )      No. 03C01-9707-CC-00270
                         )
                         )      Williamson County
v.                       )
                         )      Honorable Donald P. Harris, Judge
                         )
EDDIE L. COLEY, JR.,     )      (Aggravated Robbery)
                         )
        Appellant.       )


### DISSENTING OPINION


I respectfully disagree with both of my colleagues and believe that the judgment should be vacated and the case remanded for a hearing for the proper determination of the admissibility of Dr. Johnson's testimony under Rule 702, Tenn. R. Evid., and McDaniel v. CSX Transportation, Inc., 955 S.W.2d 257 (Tenn. 1997). The trial court essentially held both that psychology has not reached the level of reliability to permit testimony regarding eyewitness identification and that the expert would not be of assistance to the jury. Unfortunately, though, the trial court made these rulings without having heard any testimony by Dr. Johnson about the present extent of eyewitness identification research and the extent of research findings that could contradict common assumptions about factors that are thought to bear on the issue of reliability of identification. In this respect, it is unfortunate that the information comes to us only as a proffer as opposed to witness testimony subject to probing cross-examination.

The defendant's proffer reflects that Dr. Johnson's expertise is based upon substantial research by him and others into the mental processes that are important to eyewitness identification. The proffer reflects that Dr. Johnson was

prepared to testify, among other things, that the level of the victim's certainty or confidence in his or her identification has no correlation to the level of accuracy in the identification when the facts are similar to those in the present case. If this is true, it directly contradicts the assumption, recognized by our supreme court, that the degree of certainty expressed by the witness regarding the identification has a bearing on the accuracy of the identification. See, e.g., State v. Dyle, 899 S.W.2d 607, 612 (Tenn. 1995); see also Neil v. Biggers, 409 U.S. 188, 199-200, 93 S. Ct. 375, 382 (1972). Certainly, Dr. Johnson's expertise would substantially assist the jury relative to its assessment of this misconception that is not commonly understood by the public. The remaining question, then, is whether the eyewitness expert testimony is based upon trustworthy facts and data and upon sufficiently valid and reliable reasoning or methodology. See McDaniel, 955 S.W.2d at 265 (Tenn. 1997).

As Judge Peay's opinion reflects, the state's case rests solely upon the eyewitness identification testimony of the two robbery victims. There is no other evidence connecting the defendant to the crime. The defendant presented an alibi defense. Under these circumstances, the thoughts of the United States Supreme Court are significant:

> The vagaries of eyewitness identification are well-known; the annals of criminal law are rife with instances of mistaken identification. . . . The identification of strangers is proverbially untrustworthy. The hazards of such testimony are established by a formidable number of instances in the records of English and American trials.

United States v. Wade, 388 U.S. 218, 228, 87 S. Ct. 1926, 1933 (1967). This concern has been expressed by our supreme court, as well. Dyle, 899 S.W.2d at 609 (Tenn. 1995). We should not lightly cast aside eyewitness identification expert testimony as lacking value to our system of justice.

2

Also, given the fact that <u>State v. Ward</u>, 712 S.W.2d 485 (Tenn. Crim. App. 1986), analyzes the issue of the admission of eyewitness identification expert testimony in the context of the discretion of the trial court, I question Judge Hayes' statement that current Tennessee law forbids the introduction of such evidence. Regardless, it is time to revisit the issue based upon the additional research and studies that have been conducted. However, we cannot do it on the record before us. Therefore, I would remand the case for further hearing.

_____
Joseph M. Tipton, Judge