IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1998 SESSION

FILED

March 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. No. 03C01-9710-CC-00461 |
| Appellee, | * | HAWKINS COUNTY |
| VS. | * | Honorable James E. Beckner, Judge |
| CLIFTON D. WALLEN, | * | (Violation of Motor Vehicle Habitual Offender Act; felony evading arrest) |
| Appellant. | * | |

For Appellant:

R. Russell Mattocks
Office of the Public Defender
Third Judicial District
1609 College Park Drive, Box 11
Morristown, TN 37813-1618
(on appeal & elbow counsel at trial)

Clifton D. Wallen, pro se
P.O. Box 549
Whiteville, TN 38075
(at trial)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue, North
Cordell Hull Building, Second Floor
Nashville, TN 37243-0493

Michelle Green
and
Doug Godbee
Assistant District Attorneys General
Hawkins County Courthouse
Rogersville, TN 37857

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Clifton D. Wallen, who was convicted of violating an order declaring him a motor vehicle habitual offender, was also convicted of evading arrest while operating a motor vehicle. Both offenses are Class E felonies. Tenn. Code Ann. §§ 55-10-616, 39-16-603(b)(1). The trial court imposed consecutive, Range I sentences of two years for each offense. The defendant was fined $750.00.

In this appeal of right, the defendant presents the following issues for review:

> (I) whether the evidence is sufficient to support the convictions;
>
> (II) whether the trial court erred by misapplying enhancement factors, by failing to apply mitigating factors, and by denying an alternative sentence;
>
> (III) whether he was improperly deprived of appointed counsel at the preliminary hearing;
>
> (IV) whether the trial court improperly restricted cross-examination of police officers during trial;
>
> (V) whether the defendant was incompetent to represent himself;
>
> (VI) whether the defendant was prejudiced because the trial court allowed only nineteen days to prepare for trial; and
>
> (VII) whether the district attorney hindered the defendant's ability to represent himself by refusing to provide information about jury selection and subpoenas.

We affirm the judgment of the trial court.

On January 28, 1997, Randy Collier of the Mount Carmel Police Department observed the defendant driving a Ford Mustang in a parking lot. Officer

2

Collier, who knew the defendant and suspected he had no driver's license, watched as the defendant parked his vehicle and entered a drugstore. Within minutes, the defendant left the drugstore, glanced at Officer Collier, and then entered an adjoining grocery store. Meanwhile, Officer Collier had called dispatch and verified that the defendant's license had been revoked. He also learned that the defendant was classified a motor vehicle habitual offender. Approximately thirty to forty-five minutes later, the defendant walked out of the grocery store, again glanced at the officer, and then drove down Main Street. Officer Collier followed in his cruiser for a short distance before activating the blue lights. When the defendant accelerated, Officer Collier turned on his siren and chased the defendant at speeds of 30 m.p.h. over the 20 m.p.h. speed limit. Several minutes later, the defendant stopped at his residence. Officer Collier informed him of his arrest for driving without a license. At that point, the defendant tossed his car keys into the bushes nearby and said, "I [was not] driving." Officer Collier then handcuffed the defendant and transported him to the Hawkins County Sheriff's Department. The defendant was belligerent and informed the officer that the only reason he had driven was to get some medication for his mother.

At trial, Officer Collier denied that he was stalking the defendant and testified that the basis for the stop was that the defendant was driving on a revoked license and was a motor vehicle habitual offender. Officer Travis Chapel of the Mount Carmel Police Department was with Officer Collier on the date of the offenses. He corroborated the testimony of Officer Collier. Holly Jaynes, the Hawkins County Circuit Court Clerk, presented the original order, entered March 1, 1996, declaring the defendant a motor vehicle habitual offender and barring him from driving for at least three years.

3

The defendant testified in his defense. He claimed that it was dark on the evening in question and that the officers were stalking him.

I

Initially, the defendant challenges the sufficiency of the evidence as to each conviction. On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); Tenn. R. App. P. 13(e).

The applicable statute provides as follows:

(a) It is unlawful for any person to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect.
(b) Any person found to be an habitual offender under the provisions of this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony.

Tenn. Code Ann. § 55-10-616. At trial, the state introduced a certified copy of the order declaring the defendant a motor vehicle habitual offender. Officer Collier and Officer Chapel testified that they had witnessed the defendant driving a Ford Mustang on January 28, 1997, less than one year after entry of the order barring him from driving a motor vehicle. See Tenn. Code Ann. § 55-10-615(a). In our view, the evidence is clearly sufficient to support his conviction for violating the

4

motor vehicle habitual offender order.

Next, the defendant argues that the evidence is insufficient to support his conviction for evading arrest by use of an automobile. "It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop." Tenn. Code Ann. § 39-16-603(b)(1). A person acts intentionally, "when it is the person's conscious objective or desire to engage in the conduct or cause the result." Tenn. Code Ann. § 39-11-302(a). Here, Officer Collier activated his blue lights and siren and chased for several minutes a vehicle operated by the defendant through the streets of Mount Carmel. There was proof that the defendant accelerated rather than yielding to blue lights. In our view, it was reasonable for the jury to conclude that the defendant, who was driving in violation of a court order, was intentionally attempting to elude Officer Collier. Thus, the evidence is sufficient.

II

Next, the defendant complains that the trial court erred by misapplying enhancement factors, failing to apply mitigating factors, and refusing to grant an alternative sentence.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see

5

State v. Jones, 883 S.W.2d 597 (Tenn. 1994).  The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

At the time of this offense, the presumptive sentence was the minimum in the range if there were no enhancement and mitigating factors.  Tenn. Code Ann. § 40-35-210.  Should the trial court find mitigating and enhancement factors, it must start at the minimum sentence in the range and enhance the sentence based upon any applicable enhancement factors, and then reduce the sentence based upon any appropriate mitigating factors. Tenn. Code Ann. § 40-35-210(e).  The weight given to each factor is within the trial court's discretion provided that the record supports its findings and it complies with the Criminal Sentencing Reform Act of 1989.  See Ashby, 823 S.W.2d at 169.  The trial court should, however, make specific findings on the record which indicate its application of the sentencing principles. Tenn. Code Ann. §§ 40-35-209, -210.

The fifty-one-year-old defendant obtained his GED while serving in the army.  He reported a history of alcohol abuse and illness, including hepatitis B, for which he had been prescribed medication.  He reported that he suffers from an

6

anxiety and panic disorder and that he is disabled and unemployed.

At the sentencing hearing, the state introduced certified copies of judgments showing a number of prior convictions and arrests. In 1997, the defendant was charged but later acquitted of DUI; he was, however, convicted of a violation of the implied consent law. In 1995, he was convicted of two counts of felony reckless endangerment and felony possession of a prohibited weapon. In 1994, he was twice convicted of driving on a revoked license. In 1993, a jury convicted the defendant of public intoxication, two counts of disorderly conduct, and simple possession of marijuana. That same year the defendant was also convicted of public intoxication and a reduced charge of simple possession of marijuana. In 1992, the defendant was convicted of driving without a license, DUI, and violation of the implied consent law. He also pleaded nolo contendere to another instance of driving without a license. In 1989, he was convicted of public intoxication and driving without a license and in 1985, he was convicted of attempted aggravated assault. In 1982, the defendant was convicted of public drunkenness and in 1980, he was convicted of disorderly conduct and fined for violating his probation. In 1978, the defendant was convicted of possession of marijuana for resale and, in 1977, possession of an open beer. In 1976, he was convicted of disorderly conduct. The defendant was convicted of public drunkenness in 1976 and in 1969, the defendant was convicted of driving without a license and possession of whiskey.

After determining that the sentence for each offense ranged from one to two years, the trial court applied two enhancement factors on each offense:

(1) that the defendant has a previous history of criminal convictions or criminal behavior; and

(2) that the defendant has a history of unwillingness to comply with conditions of a sentence involving release to the community.

7

Tenn. Code Ann. § 40-35-114(1), (8). The trial court determined that each enhancement factor was "extremely weighty." No mitigating factors were identified. The maximum sentence of two years was imposed on each conviction.

In our view, the imposition of the maximum sentences was warranted. Because the defendant has failed to demonstrate that the trial court imposed an improper sentence, the record fully supports the conclusion of the trial court. Both the length and the nature of the consecutive sentences were entirely appropriate.

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b). Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285 (Tenn. 1978).

In denying probation, the trial court concluded that confinement was required to protect society from the defendant who has a long history of criminal conduct, to avoid depreciating the seriousness of the offense, and to serve as a deterrent to others. Moreover, confinement was necessary because, in the past, less restrictive measures had been unsuccessfully applied to the defendant. Finally, the trial court concluded that the defendant's potential for rehabilitation was poor and, in considering the principles of sentencing, determined that probation should

8

be denied. In our assessment, the trial court was warranted in denying probation. Because the defendant has a history of criminal convictions and probation violations, he is a poor candidate for a sentence involving release to the community.

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements of the Community Corrections Act of 1985, the defendant is not necessarily entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for community corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

The defendant is eligible for community corrections. In Ashby, however, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171. See State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). In the words of the late Judge Joe B. Jones, "each case must be bottomed upon its own facts." Taylor, 744 S.W.2d at 922. "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171. Here, the trial court considered and rejected community corrections, citing the need for incarceration to restrain the defendant, protect the public, and avoid depreciating the seriousness of the offense. That the defendant had an extensive prior criminal record and prior probation violations was also considered. As the trial court observed, "there's an inability at this point to achieve any rehabilitation." Incarceration was warranted.

III

The defendant also contends that he was improperly deprived of appointed counsel at the preliminary hearing. The appellant's brief contains no citation to legal authority nor references to the record. In such circumstances, the issues may be treated as waived. Rule 10, Tenn. Ct. Crim. App. Moreover, the record contains insufficient evidence to support the defendant's contention. There is no transcript of the proceedings from general sessions court and, while included in the record, the affidavit of complaint is not signed by the defendant. The warrant does indicate that the matter was bound over to the grand jury. This is an insufficient record for an in-depth analysis of the issue. The appellant has the duty to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis for the

appeal. Tenn. R. App. P. 24(b). State v. Cooper, 736 S.W.2d 125 (Tenn. Crim. App. 1987). The issue has been waived.

IV

Next, the defendant argues that the trial court improperly restricted cross-examination of police officers. At trial, the following exchange occurred:

| | |
|---|---|
| Defendant: | Okay, after the arrest, did I not request that you get my heart medication from my mother's house? |
| State: | Object to the relevancy of this, your Honor. |
| The Court: | Sustained. That's not a proper question. |
| | *** |
| Defendant: | Well, I'm asking the question again. Did I not ask you to find my medication? |
| State: | Objection, your Honor. |
| The Court: | I sustained that objection. |
| | *** |
| Witness: | So I had you loaded in the back of my car within eight minutes from the time the whole thing started. |
| Defendant: | Well, I just didn't want the jury to get the wrong idea that maybe this had lasted longer. |
| State: | Objection to testifying. |
| The Court: | Remember questions, questions. |
| Defendant: | Well, evidently the Court is not going to let me ask any questions of anything of that nature. No more questions. |

While the right of cross-examination is fundamental, its exercise is controlled by the discretionary authority of the trial judge. Davis v. State, 212 S.W.2d 374 (Tenn. 1948); Hobbs v. State, 460 S.W.2d 377 (Tenn. Crim. App. 1970). Only a plain abuse of that authority constitutes grounds for reversal. State v. Fowler, 373 S.W.2d 460 (Tenn. 1963); State v. Black, 618 S.W.2d 526, 528 (Tenn. Crim. App. 1981). The defendant did not explain the relevance of the question regarding his medication nor has he cited legal authority to support his claim. Rule 10, Tenn. Ct. Crim. App. The defendant has failed to demonstrate an abuse of discretion on the part of the trial court. In consequence, this issue has no merit.

11

V

The defendant also complains that he was incompetent to represent himself at trial because he suffers from a "50% brain condition that requires strong medication." During the sentencing hearing, the defendant concluded in retrospect that he had been incompetent to represent himself at trial because of his prescription medication. The trial court observed as follows:

> [The defendant] says he was drunk during the course of the trial. ... The defendant did ask that Mr. Mattocks not represent him although he could assist as elbow counsel, and he asked that he represent himself. I asked the defendant a lot of questions to determine his competence. ... [The defendant] demonstrated at all times a clear mind and ability to represent [him]self during the trial of the cause.

Counsel representing the defendant in this appeal has conceded that the record contains no evidence to support the "brain condition" alleged by the defendant. The findings of the trial court also dispel the defendant's contention that he was under the influence of medication. Thus, the issue has no merit.

VI

The defendant maintains that he was prejudiced because the trial court permitted him only nineteen days to prepare for trial. Our legislature has provided that "[e]very person accused of any crime ... shall be entitled to fourteen (14) full days ... after arrest and the return of the indictment ... before being tried for such offense." Tenn. Code Ann. § 40-14-105. That statutory requirement was met in this case. The defendant did not request a continuance before trial and cannot now complain that his rights were violated because the trial was commenced as scheduled. See Tenn. R. App. P. 36(a). More importantly, the defendant has not demonstrated how he was prejudiced by the relatively short duration between the indictment and the trial.

VII

Lastly, the defendant argues that he was hampered in his defense because the District Attorney General's office refused to provide him with information on jury selection and subpoenas. This issue was not included in the defendant's motion for new trial. Typically, an issue not included as a ground for relief in the motion for new trial is considered waived. Tenn. R. App. P. 3(e). Nevertheless, the defendant would not prevail on the merits of the claim. We are aware of no duty on the part of the District Attorney General to provide jury selection information or subpoena information to a pro se defendant. The defendant does not allege any irregularities in the jury selection process at his trial nor does he indicate that there were witnesses essential to his defense whose presence he was unable to secure.

Accordingly, we affirm the judgment of the trial court.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
David H. Welles, Judge

_____
Thomas T. Woodall, Judge